## GEORGE W. FOOTE

### v.

### THE PEOPLE, for use, etc.

EXECUTION—NOTICE.—Where the law exempts property, to be selected by the execution debtor, the general rule is that the officer should give the debtor notice, if practicable, and thus afford him an opportunity before levy or sale, to make the selection and claim the exemption. If the debtor is absent from the county, it is not practicable within the meaning of the rule for the officer to give such actual notice.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding. Opinion filed December 28, 1882.

Mr. W. C. CALKINS, for appellant; that if appellee had any property which was exempt from execution or attachment, she should have asserted that right, cited R. S. Ill. 1877, Chap. 52, § 14; Caper v. The People, 6 Bradwell, 28; Blair v. Parker, 4 Bradwell, 409; Camp v. Ganley, 6 Bradwell, 499; Figueira v. Pyatt, 88 Ill. 402.

A non-resident is not entitled to any greater rights or privileges than a resident debtor: Menzie v. Kelley, 8 Bradwell, 259; Bingham v. Maxcy, 15 Ill. 290.

Mr. F. S. MURPHY and Messrs. WILLOUGHBY & DAUGHERTY,

for appellee; that it is the duty of the officer to notify the debtor if practicable, cited Cook v. Scott, 1 Gilm. 333.

In levying a writ, if the officer makes a mistake, it is at his peril: Cooley on Torts, 396.

The law sets apart certain specified property and wholly exempts it from execution or attachment: Cooley on Torts, 395.

PLEASANTS, J.   In October, 1877, at Monmouth where she then resided, Mrs. Major delivered to the C. B. & Q. R. R. Co. for transportation two boxes of goods marked to Levi Morgan, Bridgeport, Ohio, and left the State.

At Galesburg these were taken from the possession of the company by a constable under a writ of attachment against her.   Judgment was regularly obtained upon constructive notice and execution duly issued thereon, under which he sold so much of the goods as sufficed to satisfy it.   Her address being unknown he made no effort to ascertain it and give her actual notice of the writs in his hands, and she made no tender to him of any schedule under the Exemption Act, nor is it claimed that the goods sold were specifically exempt.   In April, 1881, after his term had expired and he had removed from the State, she brought this action before a justice of the peace against him and his sureties upon his official bond to recover damages for the levy and sale so made.   There was no service upon him and the suit was dismissed as to one of the sureties.   Upon the trial on appeal before the circuit court, without a jury, she obtained a judgment against the appellant here, who was the surety, for the penalty of the bond, to be discharged upon the payment of $100, the damages assessed.

It is insisted that notwithstanding her failure to present a schedule and claim exemption, the sale was wrongful because the officer did not attempt to give her actual notice of the execution; that he is not to be excused by reason of her absence and his ignorance of her address; that the name and residence marked on the boxes was a clew which duty bound him to follow up by writing to the consignee, and that his fail-

ure so to do relieved her of all obligation to present a schedule in order to preserve her rights. And so the circuit court seems to have held.

In this we think there was error. As a general rule, where the law exempts property to be selected by the execution debtor the officer should give him notice, if practicable, and thus afford him an opportunity before levy or sale, to make the selection and claim the exemption; yet the Supreme Court assume, in the People v. Palmer, 46 Ill. 401, that if the defendant is absent from the county it is not practicable within the meaning of that rule.

And it would certainly be difficult to fix a reasonable limitation to one that would have required the constable in this case to delay the execution of his writ until at his own expense he had tried the effect of a letter to Levi Morgan, at Bridgeport, Ohio.

We are of opinion that the known removal and absence of the defendant from the State dispensed with the necessity of any effort on his part to notify her. The judgment of the circuit court is reversed and the cause remanded.